## LOUISE HAEMMERLE, PLAINTIFF, v. EUGENE HAEMMERLE, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 1, 1950.

*Mr. Henry J. Bendheim,* attorney for plaintiff.

*Messrs. Levenson & Levenson (Mr. Abe D. Levenson),* attorneys for defendant.

HEGARTY, A. M. Defendant's motion brings up for consideration his application to vacate an order granting to plaintiff a right to take the testimony of defendant by deposition or, in the alternative, to limit the scope of plaintiff's examination of the defendant. It is defendant's contention that the depositions sought by plaintiff cannot be authorized, because of the provisions of *Rule* 3:26–4, as amended January 6, 1949, until plaintiff has first shown good cause therefor. However, the cited rule specifically refers to "actions for divorce or nullity" and makes no mention of actions for separate maintenance, such as in this case, alleging an abandonment and neglect and failure to properly support and maintain the plaintiff and child of the marriage.

Plaintiff's right to take defendant's testimony by deposition, in the present suit, is secured to her and is controlled by *Rule* 3:82(a) and (b) and is not limited by the terms of *Rule* 3:26–4 as amended.

No sufficient reasons appearing therefor, defendant's motion to vacate the order for depositions or, in the alternative to limit the scope of such inquiry, is denied.

The plaintiff may proceed to examine the defendant regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, as provided in *Rule* 3:26–2.

Present order in accordance with these findings after first presenting same to your adversary for his approval.